IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASTON CUSTOM HOMES & DESIGN, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-1639-N |
| WILMINGTON SAVINGS FUND SOCIETY FSB, AS OWNER TRUSTEE FOR VERUS SECURITIZATON TRUST 2020-NPL1, | § § § § § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Wilmington Savings Fund's ("Wilmington") motion to dismiss Plaintiff Aston Custom Homes & Design, Inc.'s ("Aston") claims [4]. Because Aston has again failed to state a claim even after the opportunity to cure defects after its previous complaint was dismissed, the Court grants Wilmington's motion and dismisses Aston's claims with prejudice.

### I. ORIGINS OF THE MOTION

This case arises from a dispute over foreclosure on a piece of real estate. Aston acquired the real estate in question in 2012. Pl.'s Original Petition ¶ 1-2, [1]. To secure an advance of $1,120,000, Aston executed a Deed of Trust in favor of Patch of Land Lending, LLC ("Patch"). *Id.* at ¶ 5, 3. Patch then assigned the Note and Deed of Trust to Wilmington. *Id.* at ¶ 4. Aston then defaulted on the Note. *Id.* at ¶ 6. When Aston did not

MEMORANDUM OPINION AND ORDER – PAGE 1

pay the amount due on the Note, Wilmington posted the real estate for foreclosure. *Id.* at ¶ 10. Aston then filed its first suit against Wilmington. *See Aston Custom Homes & Design, LLC et al. v. Wilmington Savings Fund Society FSB*, Civil Action 3:22-CV-2505-X-BN [1] ("*Aston 1*"). Magistrate Judge David Horan recommended dismissal for failure to state a claim of the first complaint in Aston's original proceeding. Findings, Conclusions, and Recommendations of the United States Magistrate Judge, *Aston I* [17]. The Court adopted Judge Horan's findings and dismissed without prejudice with leave for Aston to amend its complaint. Order Accepting Findings, Conclusions, and Recommendations of the U.S. Magistrate Judge, *Aston I* [18]. Aston did not amend, and the suit was dismissed for want of prosecution. Order of Dismissal, *Aston I* [19]. Aston then filed a new, nearly identical complaint, initiating the present suit. Pl.'s Original Petition, [1]. Wilmington removed and again moved to dismiss, arguing that Aston again failed to state a claim for which relief could be granted. Def.'s Motion 1, [4].

## II. LEGAL STANDARD UNDER RULE 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial

plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS BECAUSE ASTON HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Upon reviewing the facts pleaded in Aston's complaint, the Court finds that Aston has not provided sufficient facts to raise plausible claims for breach of contract, quiet title, or declaratory relief.  Accordingly, the Court grants Wilmington's motion to dismiss.

#### A. *Aston's Breach of Contract Claim Is Barred By The Statute of Frauds*

Aston's breach of contract claim is not a legally viable claim because it is barred by the statute of frauds.  The statute of frauds requires certain types of agreements to be in writing.  *See* TEX. BUS. & COMM. CODE § 26.01.  It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, as well as modifications of those agreements.  *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *See also* TEX. BUS. & COMM. CODE § 26.02. Furthermore, the

MEMORANDUM OPINION AND ORDER – PAGE 3

Fifth Circuit has established that "an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank Nat'l Assoc.*, 508 F. App'x 326, 328-29 (5th Cir. 2013). Aston alleges that Wilmington agreed to accept $1,400,000 to discharge the Note and temporarily forebear from foreclosure until Aston paid the $1,400,000. Pl.'s Original Petition ¶ 12, 18. Even taking the allegation as true, this type of agreement is an agreement to delay foreclosure. Therefore, under the holding in *Milton*, the agreement would have to be in writing to satisfy the statute of frauds. Aston has not adequately pleaded that there is a written agreement between the parties to forebear on the foreclosure or to accept $1.4 million to discharge the Note. Even if all the allegations in Aston's complaint relating to the agreement are taken as true, Aston alleges no facts to raise a plausible claim that there is an agreement in writing. As noted by Judge Horan in his review of Aston's first complaint, without providing evidence of the agreement in writing, Aston's alleged agreement violates the Texas statute of frauds. *See* Findings, Conclusions, and Recommendations of the United States Magistrate Judge, *Aston I*, 6 [17].

Aston argues that Wilmington's reliance on the statute of frauds is improper because, as an affirmative defense, it must be raised in an answer and not a motion to dismiss. Pl.'s Response 2 [6]. This is incorrect. The Fifth Circuit previously upheld findings that a claim is precluded by the statute of frauds at the motion to dismiss stage, noting that "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller*, 726 F.3d at 726 (quoting *Kansa*

*Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir.1994)). Accordingly, Wilmington has properly raised the statute of frauds in its motion to dismiss.

Finally, to the extent that Aston's breach of contract claim relates to the original Deed of Trust agreement and not a subsequent oral modification, the Court agrees with the findings of Magistrate Judge Horan in the prior proceeding and concludes that the claim has not been adequately pleaded. *See* Findings, Conclusions, and Recommendations of the United States Magistrate Judge, *Aston I*, 9 [17]. A claim for breach of a Note and Deed of Trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A*., 560 F. App'x 233, 238 (5th Cir. 2014). Without identifying the provision or provisions, the Court cannot determine whether Aston has pleaded factual content that allows the Court to draw the reasonable inference that Wilmington is liable for breach of those provisions or that Wilmington failed to fulfill its post-default obligations under the Deed of Trust. Aston does not identify the provisions of the Deed of Trust that have been breached but instead claims a general, unspecified right to truthful accounting. A general assertion of rights and obligations without support of the specific provisions alleged to be breached does not raise the right to relief beyond a speculative level. *Twombly*, 550 U.S. at 555. Aston's breach of contract claim is made out in its complaint by only vague and conclusory statements, which are not sufficient to plead breach of contract on the basis of the Deed of Trust.

### B. Aston Is Not Entitled To Declaratory Relief

Aston is not entitled to declaratory relief as a matter of law. Aston seeks declaratory judgment under the Uniform Declaratory Judgment Act, adopted in Texas as the Texas

Declaratory Judgment Act ("TDJA"). TEX. CIV. PRAC. & REM. CODE §§ 37.001–37.011. Relief under this statute is not available to Aston in this case. This case is before the federal Court as a diversity action. Def.'s Notice of Removal ¶ 8 [1]. The Fifth Circuit previously determined that the TDJA is procedural, rather than substantive, law and therefore does not apply in a diversity case in federal court. *Self–Insurance Institute of America, Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir.1995). This holding bars the use of the TDJA for relief in removed actions. *See Brock v. Federal Nat. Mortg. Ass'n*, 2012 WL 620550 at *5 (N.D. Tex. 2012). Accordingly, Aston's claim for declaratory judgment is not legally viable.

Furthermore, even if Aston brought its claims under the federal equivalent to the TDJA, the claim would still fail. Both the federal and Texas declaratory judgment acts are procedural and create no substantive rights. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937); *Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex.1993). Both the Texas and federal acts require the existence of some other justiciable controversy to create a cause of action for declaratory relief. *Aetna*, 300 U.S. at 239–41; *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). Because the Court has dismissed all of Aston's substantive claims, Aston has no grounds for declaratory relief, and the Court dismisses its request for declaratory judgment as well.

### C. Aston Has Not Asserted A Quiet Title Claim

Aston's complaint does not assert an action to quiet title. While both parties discuss the plausibility of Aston's possible quiet title claim in their briefings for the present motion, the Court will not review the original complaint as if Aston has asserted a claim to quiet title when it has not. When ruling on a motion to dismiss, the Court will consider only the

MEMORANDUM OPINION AND ORDER – PAGE 6

face of the complaint and any documents incorporated by reference therein. *Funk*, 631 F.3d at 783. Rule 10(b) directs parties to separate their claims within their pleadings and provides that "the contents of [the sections] shall be limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). In the end, "[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be." *Boswell v. Hon. Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Tex. 2008) (quoting *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Tex. 1990). On the face of its complaint, Aston did not raise an action to quiet title. Accordingly, the Court will not read one in.

## CONCLUSION

Because Plaintiff Aston Custom Homes & Design has failed to state a claim for which relief can be granted, the Court grants Defendant Wilmington Savings Fund's motion to dismiss. Aston's claims were previously dismissed without prejudice and Aston was given leave to amend. Order Accepting Findings, Conclusions, and Recommendations of the U.S. Magistrate Judge, *Aston I*, 1 [18]. Aston declined to amend the complaint to fix its deficiencies. Order of Dismissal, *Aston I*, 1 [19]. The Court finds that because Aston filed a nearly identical complaint despite knowledge of the problems with its initial filing, Aston has pleaded its best case. A plaintiff has pleaded its best case after it has been "apprised of the insufficiency" of its complaint but does not amend or state material facts that it would include in an amended complaint to overcome the deficiencies identified by the court. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017). Because Aston knew of the insufficiency of its complaint but did not amend it in either the first or the present proceeding, Aston has pleaded its best

MEMORANDUM OPINION AND ORDER – PAGE 7

case. Accordingly, the Court will not give Aston an opportunity to amend. Aston's claims for breach of contract, quiet title, and declaratory judgment are dismissed with prejudice.

Signed November 14, 2023.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 8